# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FELIX W. FESMIRE, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. CIV 05-288-RAW-KEW ) |
| GREG PROVINCE, Warden, | ) ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

This matter is before the Magistrate Judge on petitioner's petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Petitioner, an inmate currently incarcerated at Mack Alford Correctional Center in Atoka, Oklahoma, is challenging the execution of his life sentence, alleging he is entitled to meaningful parole consideration and commutation of his sentence [Docket #8 at 1].

The respondent alleges that on February 16, 1990, petitioner began serving a life sentence for First Degree Murder in Roger Mills County Case No. CRF-1967-1143.[1] His current sentence began after he was paroled from another life sentence for First Degree Murder in Roger Mills County CRF-1967-1142, which had been modified from a death sentence by the Oklahoma Court of Criminal Appeals. *Fesmire v. State*, 502 P.2d 1048 (Okla. Crim. App. 1972). Petitioner initially was considered for parole during the January 2005 regular meeting of the Pardon and Parole Board and was denied by a vote of 0-Yes, 3-No, and 2-Pass. He has been advised that his next scheduled parole consideration is during

---

[1] Petitioner alleges in his reply to the respondent's response [Docket #13] that he actually is serving a life sentence in Case No. CRF-1967-1144.

the January 2008 regular meeting of the Pardon and Parole Board. His next docket date is based on the provisions of Okla. Stat. tit. 57, § 332.7(D)(1), which require the Pardon and Parole Board not to reconsider any inmate convicted of a violent crime within three years, unless the inmate is within one year of discharge.

The respondent alleges petitioner has failed to exhaust the available state court remedies for his claims. "A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). The court must dismiss a state prisoner's habeas petition if he has not exhausted the available state court remedies as to his federal claims. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991). In federal habeas corpus actions, the petitioner bears the burden of showing he has exhausted his state court remedies as required by 28 U.S.C. § 2254(b). *See Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981); *Bond v. Oklahoma*, 546 F.2d 1369, 1377 (10th Cir. 1976). To satisfy the exhaustion requirement, a claim must be presented to the State's highest court. *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). "A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (citing *Coleman*, 501 U.S. at 731).

Petitioner erroneously alleges the exhaustion requirement only applies to habeas corpus petitions that are filed pursuant to 28 U.S.C. § 2254. He further asserts "<u>ALL</u> available state remidies [sic] <u>HAVE</u> been exhausted, and were proven to be ineadequate [sic] and ineffective TO PROTECT this petitioners [sic] federal rights to due process, and equal protection of the law" [Docket #13 at 1]. Although petitioner alleges that a "mistaken pro se petition for a writ of mandamus may have been filed" [Docket #13 at 2], he completely

fails to show he has exhausted his state court remedies or that there is an absence of an effective state court remedy.

**ACCORDINGLY**, the Magistrate Judge recommends that this action be, in all respects, dismissed without prejudice for failure to exhaust state court remedies.

Pursuant to 28 U.S.C. § 636(b)(1)(C), the parties are given ten (10) days from being served with a copy of this Report and Recommendation to file with the Clerk of the Court any objections with supporting briefs. Failure to file timely written objections to the Magistrate Judge's recommendations may result in waiver of appellate review of factual and legal questions. *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

**DATED** this 8th day of January 2008.

  
**KIMBERLY E. WEST**
**UNITED STATES MAGISTRATE JUDGE**